EDWARD FAGAN,

    Plaintiff,

v.                                CASE NO.:

MITCHELL & STARK
CONSTRUCTION CO., INC.,
a Foreign Profit Corporation,

    Defendant.

---

## COMPLAINT & DEMAND FOR INJUNCTIVE RELIEF AND JURY TRIAL

COMES NOW, EDWARD FAGAN (hereinafter referred to as "Plaintiff" or "Mr. Fagan"), by and through the undersigned attorney, and hereby sues MITCHELL & STARK CONSTRUCTION CO., INC. (hereinafter referred to as "M&S", "Mitchell & Stark" or "Defendant"), and alleges and states as follows:

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(a)(4), because this is a civil action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and the Civil Rights Act of 1866, 42 U.S.C. § 1981. This court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C.A. § 1391 and 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this district and because the employment records relevant to unlawful employment practice committed by Defendant are maintained and administered in this district. Further, Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant may be found in this district and a substantial portion of events giving rise to this action occurred in this district.

## CONDITIONS PRECEDENT

1. Fagan timely filed a Charge of racial discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

2. On or about August 26, 2024, the EEOC issued Plaintiff a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice.

3. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## PARTIES

4. At all times relevant to this action, Plaintiff, Mr. Fagan, resided in Lehigh Acres, Florida and was a citizen of Florida.

5. Upon information and belief, Defendant, Mitchell & Stark Construction Co., Inc., is a Foreign Profit Corporation, that is permitted to do

business in Florida, maintains offices in Fort Myers, Florida, and operates business in Fort Myers, Florida.

6. Plaintiff was an employee of M&S in its Fort Myers, Florida branch and serviced the surrounding area from approximately May 10, 2023 to November 2023.

7. Plaintiff's prior work experience made him an ideal candidate for the job, bringing experience and quality workmanship to the position.

8. Employee and employer within the meaning of the statute

## FACTS

9. Mr. Fagan is a black African American male.

10. Mr. Fagan belongs to a protected class.

11. From approximately May 2023 to November 2023, Mr. Fagan was an employee of M&S at its Fort Myers branch.

12. On or around May 10, 2023, Mr. Fagan started his first day of employment at Mitchell & Stark.

13. Upon his arrival, his Foreman, Kevin, (hereinafter "Foreman" or "Kevin") asked Mr. Fagan if he had a "*weave*" in reference to his hair, which was in dreadlocks.

14. His Foreman is a white Caucasian male.

15. During Plaintiff's employment, his co-workers, specifically his Foreman, would consistently say racial slurs and make derogatory racist comments in the presence of Mr. Fagan.

16. M&S's management was aware of the racist behavior of Mr. Fagan's Foreman and his co-workers.

17. Over the course of his employment with Defendant, Mr. Fagan was subjected to escalating racial discrimination.

18. The Foreman has referred to minorities on numerous occasions as "*stupid*", "*jackasses*", "*boy*" and "*nigger*".

19. Plaintiff reported the racism he was experiencing in the workplace at Mitchell & Stark to Human Resources.

20. Human Resources never replied or provided a response to Mr. Fagan's concerns and complaints.

21. Upon information and belief, Defendant did not investigate the Plaintiff's concerns and complaints.

22. While employed with M&S, Mr. Fagan would carpool to work with a co-worker, Joe (hereinafter "Co-Worker" or "Joe").

23. Joe is a white a Caucasian male.

24. On October 16, 2023, Joe was late to pick up the Plaintiff for work.

25. The two men arrived to work at Mitchell & Stark approximately thirty (30) minutes late on October 16, 2023.

26. When Plaintiff and Joe arrived at work, the Foreman informed Mr. Fagan that he was terminated effective immediately.

27. Plaintiff's Co-worker, Joe, who also arrived to M&S approximately thirty (30) minutes late on October 16, 2023, was not terminated for his late arrival.

28. Plaintiff reported the disparate treatment and termination to Michelle in M&S' Human Resources.

29. Michelle informed Mr. Fagan that he would not be terminated and that he could keep his employment with Mitchell & Stark, but that he was transferred to work at a different location.

30. As a result of being transferred to work at a different M&S location, Plaintiff no longer had a ride to get to work.

31. M&S was aware of Plaintiff's inability to get to the M&S location he was transferred to.

32. Upon information and belief, Defendant's transfer of Plaintiff to a different location was done in retaliation for Plaintiff complaining of the disparate treatment he suffered by Foreman on October 16, 2023.

33. Due to the transfer and Mr. Fagan no longer being able to get transportation to work, he was terminated.

34. The disparate treatment and harassment Plaintiff experienced during his employment at Mitchell & Stark was so severe and pervasive as to alter the terms and conditions of Mr. Murph's employment and create a discriminatorily abusive working environment.

35. Mitchell & Stark either knew or should have known of the harassment and failed to intervene.

36. Mr. Fagan suffered and continues to suffer damages as a result of Defendant, Mitchell & Stark's, unlawful discriminatory actions, emotional distress, past and future lost wages and benefits, attorney's fees, and the costs of bringing this action.

37. Defendant, Mitchell & Stark, subjected Plaintiff to adverse employment actions, including but not limited to harassment, discrimination, hostile working environment, and constructive termination.

38. Plaintiff has retained the services of undersigned counsel in the vindication of his rights and has agreed to pay reasonable fees and costs for such representation.

## <u>COUNT I</u>
### Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)

39. Plaintiff repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

40. Plaintiff is a member of a protected class under Title VII.

41. Plaintiff was an "employee" of Mitchell & Stark as defined by Title VII.

42. Mitchell & Stark is an employer as defined by Title VII.

43. Plaintiff was qualified for his position at Mitchell & Stark.

44. Defendant through its employees and/or agents disparately treated Plaintiff solely based on his race and treated similarly situated employees outside of Mr. Fagan's race, more favorably.

45. The discriminatory acts of Mitchell & Stark, through its employees and/or agents, was willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's protected civil rights.

46. Defendant, Mitchell & Stark, violated Mr. Fagan's rights under Title VII, subjected Mr. Fagan to adverse employment actions, and as a result, Mitchell & Stark is liable for damages.

47. Plaintiff has suffered and continues to suffer damages as a result of Mitchell & Stark's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, attorney's fees, and the costs of bringing this action.

48. Mitchell & Stark Construction Co., Inc. has violated Title VII, and will continue to violate Title VII if not enjoined, because it maintains policies, programs

and classifications that impermissibly discriminate on the basis of race. Accordingly, Mitchell & Stark has taken actions in violation of Title VII's mandate that employees, including Mr. Fagan, be free from any discrimination based on race.

**WHEREFORE**, Plaintiff, Edward Fagan, respectfully requests judgment against Defendant, Mitchell & Stark Construction Co., Inc., as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that Mitchell & Stark Construction Co., Inc. violated Mr. Fagan's civil rights under Title VII, and enjoin Mitchell & Stark from such conduct in the future;

C. Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E. In lieu of reinstatement, award Plaintiff front pay (including benefits);

F. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

G. Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H.      If applicable, award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I.      Award to Plaintiff, if applicable, punitive damages; and

J.      Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT II
**Retaliation in Violation of Title VII of the
Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.)**

49.     Plaintiff repeats and realleges paragraphs 1 through 38 as if fully set forth herein.

50.     Plaintiff is a member of a protected class under Title VII.

51.     Plaintiff was an "employee" of Mitchell & Stark as defined by Title VII.

52.     Mitchell & Stark is an employer as defined by Title VII.

53.     Plaintiff was qualified for his position at Mitchell & Stark.

54.     Mr. Fagan complained regarding the disparagement treatment he received by Defendant based on his race.

55.     Afterwards, Defendant retaliated against him by transferring him to a location he could not travel to after he engaged in lawful, protected activity.

56. Plaintiff has suffered damages as a result of M&S's unlawful retaliatory actions.

57. Defendant intentionally violated Mr. Fagan's rights under Title VII, with malice or reckless indifference, and, as a result, he was damaged.

**WHEREFORE**, Plaintiff, Edward Fagan, respectfully requests judgment against Defendant, Mitchell & Stark Construction Co., Inc., as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that Defendant violated Plaintiff's civil rights under Title VII and enjoining Defendant from such conduct in the future;

C. Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E. In lieu of reinstatement, award Plaintiff front pay (including benefits);

F. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G.     Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H.     Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I.     Award to Plaintiff, if applicable, punitive damages; and

J.     Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT III
## Retaliation in Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981

58.     Plaintiff repeats and realleges paragraphs 1 through 38, 55 and 56 hereof, as if fully set forth herein.

59.     At all times material hereto, Plaintiff and Defendant had a contractual relationship.

60.     Defendant precluded Plaintiff from performing this contractual relationship when Defendant improperly, through it acts and omission as explained herein, constructively discharged Plaintiff.

61.     Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff reporting of and opposition to Defendant's unlawful employment practices based on his race.

62. As a result, Plaintiff was unable to enjoy all the benefits, provides, terms, and conditions due under the contract from Defendant.

63. The actions of Defendant through its employees and/or agents were willful, wanton, intentional, and done with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such actions in the future.

64. The Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff, Edward Fagan, respectfully requests judgment against Defendant, Mitchell & Stark Construction Co., Inc., as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that Defendant violated Plaintiff's rights under 42 U.S.C. § 1981 and enjoining Defendant from such conduct in the future;

C. Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E. In lieu of reinstatement, award Plaintiff front pay (including benefits);

F. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G. Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I. Award to Plaintiff, if applicable, punitive damages; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

<u>**COUNT IV**</u>
**Racial Discrimination in Violation of Florida Civil Rights Act**
**§ 760.10, Fla. Stat.**

65. Plaintiff repeats and realleges paragraphs 1 through 38, 54, 55, and 56 hereof, as if fully set forth herein.

66. Plaintiff is a member of a protected class under Florida Civil Rights Act (hereinafter referred to as the "FCRA").

67. Mr. Fagan was subjected to disparate treatment by Mitchell & Stark Construction Co., Inc. on the basis of his race.

68. Defendant failed to take remedial action when Plaintiff experienced disparities in treatment as compared to his white co-workers as explained herein.

69. The discriminatory acts of Mitchell & Stark, through their employees and/or agents, were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's protected civil rights.

70. Pursuant to § 760.11(5), Fla. Stat., if applicable, Plaintiff seeks punitive damages.

71. Pursuant to § 760.11(5), Fla. Stat., Plaintiff seeks recovery of his reasonable attorney's fees as part of his costs.

**WHEREFORE**, Plaintiff, Edward Fagan, respectfully requests judgment Defendant, Mitchell & Stark Construction Co., Inc., as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that Mitchell & Stark Construction Co., Inc. violated Mr. Fagan's civil rights under, FCRA, and enjoin Mitchell & Stark from such conduct in the future;

C. Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E.  In lieu of reinstatement, award Plaintiff front pay (including benefits);

F.  Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

G.  Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H.  If applicable, award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I.  Award to Plaintiff, if applicable, punitive damages; and

J.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT V
### Retaliation in Violation of the Florida Civil Rights Act
### § 760.10, Fla. Stat.

72.    Plaintiff repeats and realleges paragraphs 1 through 38, 54, 55, and 56 as if fully set forth herein.

73.    Mr. Fagan is a member of a protected class under the FCRA.

74.    At all times material hereto, Defendant was an employer within the meaning of §§ 760.01 et seq., Fla. Stat., the Florida Civil Rights Act.

75.    After Mr. Fagan complained to Defendant, through its employees and/or agents, of the disparate treatment he was receiving on the basis of his race, M&S retaliated against him.

76. At all times material, Defendant, Plaintiff's employer, was prohibited from retaliating against Plaintiff because he reported and was opposed to unlawful employment practices.

77. Mr. Fagan's termination discharge was motivated by retaliation and would not have occurred if Mr. Fagan had not made reports to Defendant of his disparate treatment.

78. Due to Defendant's unlawful actions, Plaintiff has suffered damages.

79. The aforementioned intentional discriminatory acts of M&S, through their employees and/or agents, were performed with malice or with reckless indifference to the Mr. Fagan's protected civil rights.

80. Pursuant to § 760.11(5), Fla. Stat., Mr. Fagan seeks punitive damages, if allowed by this Court.

81. Pursuant to § 760.11(5), Fla. Stat., Mr. Fagan is entitled to recover reasonable attorney's fees as part of his costs.

**WHEREFORE**, Plaintiff, Edward Fagan, respectfully requests judgment Defendant, Mitchell & Stark Construction Co., Inc., as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that Defendant violated Plaintiff's civil rights under the FCRA and enjoining Defendant from such conduct in the future;

C.      Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D.      Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E.      In lieu of reinstatement, award Plaintiff front pay (including benefits);

F.      Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest (if applicable);

G.      Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H.      Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I.      Award to Plaintiff, if applicable, punitive damages; and

J.      Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT VI
**Negligent Supervision**

82.   Plaintiff repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

83. The Defendant employer became aware, or should have become aware, of problems with Foreman and other employees that indicated their unfitness for employment with the Defendant.

84. At all times material to this action, Defendant employer owed a duty to Plaintiff as follows:

(a) maintain a safe and respectful work environment free of discrimination and harassment for all its employees.

(b) Protect him from racial discrimination;

(c) Protect him from disparate treatment; and

(d) Provide a safe work environment.

85. The Defendant employer breaches its duty by failing to take further action, such as investigation, discharge, or reassignment of the employees who harassed Plaintiff.

86. Defendant's breach was the proximate cause of injury or damage to Plaintiff.

87. Plaintiff suffered damages as a result of the Defendant's breach.

**WHEREFORE**, Plaintiff, Edward Fagan, respectfully requests judgment against Defendant, Mitchell & Stark Construction Co., Inc., as follows:

A. Accept jurisdiction over this matter;

B.     Enter an order declaring that Mitchell & Stark Construction Co., Inc. was negligent in performance of its duties to Plaintiff.

C.     Award Plaintiff damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D.     Award to Plaintiff prejudgment interest on all monetary recovery obtained;

E.     Award to Plaintiff all costs incurred in connection with this action; and

F.     Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**COUNT VII**
**Negligent Retention**

88.     Plaintiff repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

89.     The Defendant employer became aware, or should have become aware, of problems with Foreman and other employees that indicated their unfitness for employment with the Defendant.

90.     M&S owed a duty to Mr. Fagan to take steps to prevent and/or protect him from predictable injury or damage of his co-workers while he was an employee.

91.     The Defendant employer breaches its duty by failing to take further action, such as investigation, discharge, or reassignment of the employees who harassed Plaintiff.

92. Defendant's breach was the proximate cause of injury or damage to Plaintiff.

93. Plaintiff suffered damages as a result of the breach.

**WHEREFORE**, Plaintiff, Edward Fagan, respectfully requests judgment against Defendant, Mitchell & Stark Construction Co., Inc., as follows:

A. Award Plaintiff damages for medical expenses, emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

B. Award Plaintiff prejudgment interest on all monetary recovery obtained;

C. Award Plaintiff all costs incurred in connection with this action; and

D. Grant Plaintiff such additional, other, and further relief as the Court deems just and proper.

## COUNT VIII
### Intentional Infliction of Emotional Distress

94. Plaintiff repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

95. At all times relevant to this cause of action, Defendant, through its employees, agents, and/or authorized representatives, committed deliberate or reckless infliction of mental suffering conduct against Plaintiff.

96. The conduct of Defendant, through its employees, agents, and/or authorized representatives, was outrageous.

97. The emotional distress caused by Defendant was so severe that no reasonable person could be expected to endure it.

98. The Defendant's conduct, through its employees and/or agents, was so outrageous in character and so extreme in degree that it is considered atrocious and utterly intolerable in a civilized community.

99. The Defendant knew or should have known Plaintiff would have likely suffered emotional distress as a result of its actions through employees, agents, and/or authorized representatives.

100. The Defendant's intentional actions, of its employees, agents, and/or authorized representatives, caused Plaintiff severe emotional distress.

**WHEREFORE**, Plaintiff, Edward Fagan, respectfully requests judgment against Defendant, Mitchell & Stark Construction Co., Inc., as follows:

A. Award Plaintiff damages for medical expenses, emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

B. Award Plaintiff prejudgment interest on all monetary recovery obtained;

C. Award Plaintiff all costs incurred in connection with this action; and

D. Grant Plaintiff such additional, other, and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated this 30th day of October 2024.

Light Path Law, P.A.
*Counsel for Plaintiff*
2069 First Street, First Floor
Fort Myers, FL 33901
Phone: (239) 689-8481
Fax: (239) 294-3930
kscott@lightpathlaw.com
lcompton@lightpathlaw.com
jjordan@lightpathlaw.com
jlooper@lightpathlaw.com

By: _____
Kristie A. Scott, *Lead Counsel*
Florida Bar No. 10811
Lindsay Compton
Florida Bar No. 1032739